IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

**MYRON RAY REED,**

Petitioner,

v.

**JEFFREY A. BEARD,**

Respondent.

Case No. 1:14-cv-00011 MJS (HC)

**ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS FOR FAILING TO STATE COGNIZABLE CLAIM**

Petitioner is a state prisoner proceeding *pro se* with a petition for writ of habeas corpus under the authority of 28 U.S.C. § 2254. On January 9, 2014, Petitioner consented to Magistrate Judge jurisdiction under 28 U.S.C. § 636(c).

Petitioner filed the instant petition for writ of habeas corpus on January 3, 2014. (Pet., ECF No. 1.) In the petition Petitioner sets forth a claim of medical malpractice relating to his suffering adverse effects from a prescribed medication. (Id.)

**I.  DISCUSSION**

    **A.  Procedural Grounds for Summary Dismissal**

Rule 4 of the Rules Governing Section 2254 Cases provides in pertinent part:

> If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.

1

The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed. A petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted. Jarvis v. Nelson, 440 F.2d 13, 14 (9th Cir. 1971).

### B.     Failure to State Cognizable Claim

The instant petition must be dismissed because it does not challenge the fact or duration of Petitioner's confinement.

A federal court may only grant a petition for writ of habeas corpus if the petitioner can show that "he is in custody in violation of the Constitution . . . ." 28 U.S.C. § 2254(a).  A habeas corpus petition is the correct method for a prisoner to challenge the "legality or duration" of his confinement. Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991), quoting, Preiser v. Rodriguez, 411 U.S. 475, 485 (1973); Advisory Committee Notes to Rule 1 of the Rules Governing Section 2254 Cases.

In contrast, a civil rights action pursuant to 42 U.S.C. § 1983 is the proper method for a prisoner to challenge the conditions of that confinement. McCarthy v. Bronson, 500 U.S. 136, 141-42 (1991); Preiser, 411 U.S. at 499; Badea, 931 F.2d at 574; Advisory Committee Notes to Rule 1 of the Rules Governing Section 2254 Cases.

Petitioner's claims do not implicate the fact or duration of his confinement. Petitioner seeks relief for the conditions of his confinement. (See Pet.) Petitioner sets forth a claim of medical malpractice. He does not challenge his underlying conviction. Petitioner's claims are not cognizable grounds for federal habeas corpus relief and must be dismissed. Should Petitioner wish to pursue his claims, he must do so by way of a civil rights complaint. The Court expresses no opinion as to the merits of such a civil rights complaint.

As it does not appear possible that the deficiencies identified herein can be cured

1 by amending the complaint, Petitioner is not entitled to leave to amend prior to dismissal
2 of the entire action. See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en
3 banc).

4     In an appropriate case a habeas petition may be construed as a Section 1983
5 complaint. Wilwording v. Swenson, 404 U.S. 249, 251, 92 S. Ct. 407, 30 L. Ed. 2d 418
6 (1971). Although the Court may construe a habeas petition as a civil rights action, it is
7 not required to do so. Since the time when the Wilwording case was decided there have
8 been significant changes in the law. For instance, the filing fee for a habeas petition is
9 five dollars, and if leave to proceed in forma pauperis is granted, the fee is forgiven. For
10 civil rights cases, however, the fee is now $400 and under the Prisoner Litigation Reform
11 Act the prisoner is required to pay it, even if granted in forma pauperis status, by way of
12 deductions from income to the prisoner's trust account. See 28 U.S.C. 1915(b)(1). A
13 prisoner who might be willing to file a habeas petition for which he or she would not have
14 to pay a filing fee might feel otherwise about a civil rights complaint for which the $400
15 fee would be deducted from income to his or her account. Also, a civil rights complaint
16 which is dismissed as malicious, frivolous, or for failure to state a claim would count as a
17 "strike" under 28 U.S.C. § 1915(g), which is not true for habeas cases.

18     In view of these potential pitfalls for Petitioner if the petition were construed as a
19 civil rights complaint, the case is DISMISSED without prejudice to Petitioner to present
20 the claims in a civil rights complaint pursuant to 42 U.S.C. § 1983, rather than a habeas
21 petition. The Clerk of Court shall send Petitioner a blank civil rights complaint form along
22 with a copy of this Order.

23 **II.**     **ORDER**

24     Accordingly, IT IS HEREBY ORDERED that:

25     1.     The Petition for Writ of Habeas Corpus is DISMISSED without prejudice;

26     2.     All pending motions are denied as MOOT;

27     3.     The Clerk of Court shall provide Petitioner a civil rights complaint form; and

28     4.     The Court DECLINES to issue a Certificate of Appealability.  28 U.S.C. §

2253(c); <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000) In order to obtain a COA, petitioner must show: (1) that jurists of reason would find it debatable whether the petition stated a valid claim of a denial of a constitutional right; and (2) that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. <u>Slack v. McDaniel</u>, 529 U.S. at 484.  In the present case, jurists of reason would not find debatable whether the petition was properly dismissed. Petitioner has not made the required substantial showing of the denial of a constitutional right.

IT IS SO ORDERED.

Dated: February 11, 2014            /s/ *Michael J. Seng*
                                     UNITED STATES MAGISTRATE JUDGE